## SOUTHWEST FABRICATING & WELDING CO., Inc. v. GRAY ELECTRONICS.

### No. 12403.

Court of Civil Appeals of Texas.
Galveston.

April 17, 1952.

Sewall Myer, Frank Campbell Fourmy, of Houston, for appellant.

Ross, Banks & May and E. Burgess Laughlin, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $728.40 judgment, inclusive of $60 attorney's fees, rendered by the County Court at Law No. 3, of Harris County, sitting without a jury, in favor of the appellees and against the appellant, as for the value of labor and materials furnished by the former to the latter, in converting the radio equipment on the appellant's "Douglas" airplane from a 12-volt to a 24-volt operation.

The court filed extended findings-of-fact and conclusions-of-law in support of its decree, which appellant attacks here upon 6 points of claimed error, under which its controlling contention of law is this: The appellees did not prove that they complied with the implied warranty and covenant placed by law upon them, to skillfully and properly convert the radio equipment upon appellant's plane so that it would efficiently receive and transmit messages and signals, while the plane was in flight.

In argument, appellant confines its stated points to the single contention of law that both the pleading and proof show, "that appellees have not complied with the *implied covenant placed by law upon them to skillfully and properly convert such radio equipment so that it would transmit and receive messages and signals while the plane was in flight.*"

In substantiation of the claim that such an implied covenant arose, these authorities are cited: Shasta Oil Co. v. Halliburton Co., Tex.Civ.App., 10 S.W.2d 597 (writ refused); 45 Texas Jur. 324; 17 C.J.S., Contracts, § 329, page 781; 17 C.J.S., Contracts, § 494, page 1005.

The trial court's judgment as to what the specific work contracted for by the appellees on the appellant's plane was—that is, that the appellant had a 12-volt airplane, which it wanted changed into a 24-volt one, inclusive of the radio thereon—was fully sustained by the evidence.

The major findings which show, it is thought, that no such implied covenant as appellant so depends upon here did arise, were these:

"1. Appellees performed 71 hours of labor at $3.50 per hour and furnished parts valued at $220.75 in converting the radio equipment to a 24-volt operation.

"2. Appellees did some work in addition to the conversion job, to-wit: Performed 34½ hours of labor and furnshed parts valued at $78.40.

"3. $668.40 is a reasonable charge for all labor and parts furnished.

"4. Appellees completed all labor and services on appellant's airplane, on March 31, 1950, inspected the job in the presence of appellant's pilot, who accepted it, and departed with the airplane on April 1, 1950.

"5. Appellant never did return the airplane for corrective action nor notify appellees of any defective work until May 10, 1950, after receipt of appellees' bill.

"6. Appellees complied with their contract and properly and correctly performed the work and supplied the materials and parts.

"7. A reasonable attorney's fee for appellees is $60.00."

As further indicative of the negation of such an implied covenant, as well as of specific failure upon appellees' part to undertake to so correct the radio equipment as would enable the signals to be given over it both ways, while the plane was in flight, these additional findings were stated:

"1. Appellees did not flight test the radio equipment after completion of the job.

"2. Appellant did not provide appellees with an opportunity to test the radio equipment in flight.

"3. The effecient operation of the radio equipment in appellant's airplane was dependent upon the effecient operation of said radio equipment which appellees were authorized to repair, and the effecient operation of the wiring in the aircraft and that such wiring was faulty but appellees were not authorized or instructed to repair said wiring.

"4. Appellant on April 13, 1950, without ever having advised appellees of the alleged defective conversion job, and without giving appellees an opportunity to test the conversion job in flight, had Associated Radio Company of Dallas, Texas, perform certain labor and services on the radio equipment and wiring of the airplane.

"5. Appellees did not vouch for the wiring system of the aircraft."

■ As indicated, in the first place, as recited, there was sufficient evidence in the record to reasonably support these conclusions-of-fact. This Court is, therefore, without authority to set them aside. Richardson v. Ames, Tex.Civ.App., 2 S.W. 2d 517.

■ Moreover, these findings have the same effect as if they had been returned by a jury, instead of by the court itself sitting without a jury. Kennedy v. General Geophysical Co., Tex.Civ.App., 213 S.W.2d 707.

■ Last, but not least, the comprehensive covering of the whole controversy the court below required, and made findings upon, shows that the appellant's major claim for incompetence by appellees and the abortive damage they did to his plane, were not, in any event, the proximate cause of the radio equipment's failure, after their work, but were wholly due to the wiring system being out of repair, which the appellant had, without consulting the appellees concerning it, caused to be done by the Associated Radio Company, at Dallas, Texas.

Wherefore, without extending the discussion further, it is held that the trial court rendered the only judgment it could have properly rendered upon the facts shown; indeed, Mr. Gregory, the co-pilot of the appellant, freely admitted, not only that no complaint had been made on that score at any time to the appellees, but that he took the plane to the Dallas company, without consulting them about it; that the wiring work was not included in the appellees' job, and that, although they had told him that the wiring of the ship was "very ratty, and ought to be rewired," they were never given an opportunity to do it.

Further, it was uncontradictedly testified to that the plane would not work in the air, with bad wiring. Moreover, the appellees were told that they could not be given an opportunity to test such wiring, because the appellant's main pilot was not there.

Without further discussion, it is determined that the judgment should be affirmed. It is so ordered.

Affirmed.