Jose F. OLIVARES, Appellant,

v.

PORTER POULTRY & EGG COMPANY,
a partnership, Appellee.
No. 15408.

Court of Civil Appeals of Texas,
San Antonio.

May 14, 1975.

Jose F. Olivares, San Antonio, for appellant.

William M. Porter, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellant, Jose F. Olivares, appeals from an adverse judgment rendered against him in favor of Porter Poultry & Egg Company, A Partnership. Trial was to a jury and judgment entered in accordance with the jury verdict awarding appellee the sum of $128.11 as the reasonable market value of certain chickens furnished by appellee, the use and benefit of which were knowingly accepted by appellant; the sum of $525.00 as reasonable attorney's fees rendered by appellee's attorney in the trial court; and the sum of $750.00 as attorney's fees for handling an appeal, if any was perfected. No statement of facts was filed in this Court and no findings of fact or conclusions of law were requested of or filed by the trial court.

By his first point of error, appellant complains that the trial court erred in granting a second hearing, after the jury in the first trial was unable to reach a verdict and its discharge was agreed to by appellant with prejudice to appellee, because Rules 289 and 326, Texas Rules of Civil Procedure (1967), were improperly construed by the court in granting a new trial on its own motion, and that the same amount to bias and denial of due process.

We find no merit in such point of error. In the first place, there is nothing in the record to indicate that a so-called first trial was had. In any event, appellant does not complain of the discharge of the jury in such first case and states in his brief that he agreed to the dismissal of such jury. He states in his point of error that he agreed to it with prejudice to appellee, but there is nothing in the record to substantiate this statement.

Appellant's complaint here appears to be that the record does not show that appellee moved for another trial, but that it was taken up by the court on its own motion and resulted from the activism of the court. In support of such point of error, he cites and relies on Rules 289 and 326,

Tex.R.Civ.P. (1967). Rule 289, after setting forth the conditions under which a jury may be discharged, specifically provides: "Where a jury has been discharged without having rendered a verdict, the cause may be again tried at the same or another term." Rule 289 does not support appellant's contention. Rule 326 provides: "Not more than two new trials shall be granted either party in the same cause because of insufficiency or weight of the evidence." There is absolutely nothing in the record to show that there has been more than two trials, in fact, as heretofore noted, there is nothing in the record to indicate that there has been more than one trial. Moreover, appellant has no point of error complaining of the insufficiency or weight of the evidence. There is absolutely nothing in the record to indicate that another trial was granted on the basis of insufficiency or weight of the evidence. It is clear from the wording of Rule 326 that it has no application here and that it does not support appellant's first point of error. Such point of error is overruled.

By his second point of error, appellant complains that the trial court erred in denying appellant's motion to strike appellee's first amended original petition, which was filed after the first trial and imperfectly setting out a new cause of action, and that in this connection, it was also error of the court not to sustain appellant's exceptions.

An examination of the record reveals that the trial was set for July 17, 1974, and that on July 12, 1974, the appellant filed a first amended original answer and cross-action. It further appears from the record that appellant's exceptions to appellee's first amended original petition were filed on the 17th day of July, 1974, the date of the trial. Appellee objected to the filing of such pleadings on the ground that they were not timely filed in that the trial was set for July 17, 1974. The court, after a hearing, sustained such objection and found that the same were filed within sev-

en days of the trial date of July 17, 1974, and were in contravention of Rule 63, Tex. R.Civ.P. (1967), and the rules of the County Courts of Bexar County, Texas; that no leave to file was obtained by appellant; and that such late filings constituted a surprise to appellee. Such pleadings, including the exceptions, were stricken and held for naught. It does not affirmatively appear from the record that any action was taken by the court on appellant's motion to strike, and the transcript contains no orders of anything else in this connection. In any event, appellant does not complain of the order striking his amended pleadings.

The record does not establish any abuse of discretion by the trial court and appellant's second point of error is overruled.

■ By his third point of error, appellant complains that the trial court erred in refusing to instruct the jury as to the meaning of the term "use and benefit."

The case was submitted to the jury on four special issues. Issue No. 1 inquired as to whether Jose F. Olivares knowingly accepted the use and benefit of certain chickens furnished by Porter Poultry & Egg Company in March of 1971, to which the jury answered "yes." Issue No. 2 asks what the reasonable market value of such chickens in Bexar County, Texas, was in March of 1971, to which the jury answered "128.11." Issue Nos. 3 and 4 pertain to attorney's fees. The transcript contains no written objections or exceptions to the charge as submitted and does not show that any other special issues were requested to be submitted. The only thing in this connection appears in a supplemental transcript, where the court, after stating that the court had presented to the counsel for plaintiff and defendant the proposed court charge, inquired whether they had any requested issues, definitions or objections to the charge. Counsel for plaintiff stated that he did not. Counsel for defendant,

Mr. Olivares, stated: "The charge and issues are acceptable, except as to the definition I requested. That the definition of use and benefit be as follows: By the term 'use and benefit' is meant or understood anything, money or in kind, that would unjustly enrich the recipient if he were not to pay for it." The court then stated that the request and definition was denied by the court.

It is clear from the record that appellant made no objection to any special issues as submitted nor did he submit any special issues. His only request was for a definition of the words "use and benefit" as hereinabove set forth, and his point of error complains only of the court's failure to submit such definition. Rule 279, Tex.R. Civ.P. (1967), provides in part as follows: "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

■ The failure of a court to submit a definition or explanatory instruction is not grounds for reversal unless a substantially correct definition or instruction has been requested in writing and tendered by the complaining party. State v. Harrington, 407 S.W.2d 467, 479 (Tex.1966); Yellow Cab & Baggage Company v. Green, 154 Tex. 330, 277 S.W.2d 92, 93 (1955); McNutt v. Qualls, 433 S.W.2d 521 (Tex.Civ. App.—Dallas 1968, no writ); Wilson v. City of Port Lavaca, 407 S.W.2d 325 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); Crowell–Gifford Furniture Company v. Cloutman, 276 S.W.2d 539 (Tex. Civ.App.—Beaumont 1955, writ ref'd n. r. e.).

■ Appellant failed to submit a substantially correct definition of the term "use and benefit" either in writing or otherwise, and we find no reversible error of

the court in failing to submit definition of such term.[1]

Appellant's fourth point of error asserts that the trial court erred in permitting the submission of the issues on attorney's fees where the same was not pled under the theory of "quantum meruit" and appellee wholly abandoned its pleadings for recovery on a sworn account.[2]

Appellant's point of error is limited to two things: (1) error of the court in submitting the issue on attorney's fees because of lack of proper pleadings; (2) appellee abandoned its original suit for recovery on a sworn account. However, appellant also asserts in his brief that (a) attorney's fees are not recoverable in a suit on a quantum meruit basis; (b) the award of attorney's fees for handling an appeal is error.

Article 2226, Vernon's Tex.Rev.Civ. Stat.Ann. (Supp.1974–75) provides: "Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, . . . or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." See also 62 Tex.Jur.2d, Work, Labor & Material, Section 24 (1965).

It has been previously pointed out that appellant made no objection to the charge as submitted. In particular, there were no objections to the submission of the special issues on attorney's fees or as to the form thereof or otherwise, and nowhere in the record before us is it shown that any objection to the court's charge pertaining to attorney's fees was ever presented to the trial court for its consideration. The failure of a party to object to special issues contained in the charge before it was presented to a jury constituted a waiver of objections. Rule 272, Tex.R.Civ.P. (Supp.1975); Terry County Airport Board v. Clark, 378 S.W.2d 932 (Tex.Civ.App.—Amarillo 1964, no writ); Leatherwood v. Holland, 375 S.W.2d 517 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.). In the absence of a showing that objections were ever presented to the trial court or acted upon by him, such objections are not properly preserved for review. Rule 272, Tex.R.Civ.P. (Supp. 1975); Wolfe v. Speed Fab–Crete Corp., International, 507 S.W.2d 276 (Tex.Civ. App.—Fort Worth 1974, no writ); Wilson v. King, 311 S.W.2d 957 (Tex.Civ.App.—Austin 1958, writ ref'd).

We will consider appellant's contention that there were no pleadings to support a recovery of attorney's fees on a quantum meruit basis. Appellee, in his pleading on which he went to trial (First Amended Original Petition), sought recovery both on the basis of a sworn account and, in the alternative, on a quantum meruit basis. In such pleadings, appellee stated that in accordance with Article 2226, Tex. Rev.Civ.Stat.Ann. (Supp.1974–75), they

---

1. A definition is essential only when the term is a legal expression having a meaning unknown to laymen or is used in a charge in a peculiar legal sense or under circumstances which might confuse or mislead unless explained. 3 McDonald, Texas Civil Practice, Section 12.14.3(c), *Definitions* (1970); Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

2. Two special issues on attorney's fees were submitted. In answer to Special Issue No. 3, the jury found that a reasonable attorney's fee for the services rendered by attorney, William M. Porter, on behalf of the plaintiff in the lawsuit to the present date was $525.-00. In answer to Special Issue No. 4, the jury found that a reasonable attorney's fee for services to be rendered by attorney Porter on behalf of plaintiff in the lawsuit in connection with an appeal, if any, was $750.00.

presented their claim to appellant in writing more than thirty days prior to the institution of the suit which was not paid or satisfied and asked, in the event of recovery there, *in any manner,* that appellee be allowed to recover reasonable attorney's fees, setting forth what such reasonable attorney's fees are, including the cost of an appeal. In the prayer to such petition, appellee prayed that it recover attorney's fees against defendant for the prosecution of the suit against appellant, as the evidence may show. We do not regard appellee's pleadings as limiting any recovery of attorney's fees to a suit on a sworn account, and in view of our liberal view on pleading, there are sufficient pleadings to permit recovery of attorney's fees on a quantum meruit basis.[3]

We consider next appellant's contention that appellee wholly abandoned its suit for recovery on a sworn account. There is nothing in the transcript to so indicate, and, in the absence of a statement of facts, there is no way of us telling what the evidence was or just what theory the case was tried on in the trial court. This contention is without merit.

With regard to appellant's contention that attorney's fees are not recoverable in a quantum meruit suit, appellant cites only one case, towit, Ferrous Products Company, Inc. v. Gulf States Trading Company, 323 S.W.2d 292 (Tex.Civ.App. —Houston 1959) affirmed, 160 Tex. 399, 332 S.W.2d 310 (1960). This case does not support appellant's contention in this regard. In *Ferrous,* a recovery of attorney's fees was upheld in a suit in which a judgment was allowed on a theory of implied contract, the appellant having received and disposed of steel beams. Appellant contended specifically that attorney's fees were not recoverable under either Article 2226, Tex.Rev.Civ.Stat.Ann. (Supp.1974– 75), or Rule 185, Tex.R.Civ.P. (Supp. 1975). The court, in rejecting such contention, said: "Article 2226 provides in part that attorney's fees are recoverable where there is a valid claim for material furnished. There is no limitation on the right of recovery because of the manner in which the claim arose. It is sufficient to encompass a claim for materials furnished, as here, under a quasi-contract or one implied in law." With regard to Rule 185, the court stated: "The only requirement seems to be that the claim be for goods, wares and merchandise. There is no limitation as to how the claim must arise. We think the statute is broad enough to cover a situation where goods, wares and merchandise are received by a person, whether it be under an express contract, one implied in fact, or, as here, one implied in law."[4]

It is no objection that plaintiff sought to recover both on an express contract and upon a quantum meruit. He might allege both and recover as the evidence might show. Blalack v. Johnson, 293 S.W.2d 811 (Tex.Civ.App.—Texarkana 1956, no writ); Johnson Aircrafts, Inc. v. Eichholtz, 194 S.W.2d 815, 816 (Tex.Civ.App.—Fort Worth 1946, writ ref'd n. r. e.); Fant v. Andrews, 46 S.W. 909, 910 (Tex.Civ.App.1898).

3. Appellant's only exception to such pleadings was filed on July 17, 1974, the date of the trial, without leave of the court first had or obtained, and where stricken by the court as hereinbefore discussed for not being timely filed and on the grounds that they constituted a surprise.

4. Quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received, or for work performed for him, with his knowledge and consent, by someone who is authorized to expect remuneration therefor, and is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031, 1034 (1937); Blalack v. Johnson, *supra*; Parks v. Kelley, 147 S.W.2d 821, 822 (Tex.Civ.App.—Amarillo 1941, no writ).

The recovery of attorney's fees in suits founded on quantum meruit basis has been allowed in a number of cases. Ferrous Products Company, Inc. v. Gulf States Trading Company, *supra*; Blalack v. Johnson, *supra*; Southwest Fabricating & W. Co. v. Gray Electronics, 248 S.W. 2d 961 (Tex.Civ.App.—Galveston 1952, no writ); 62 Tex. Jur.2d, Work, Labor & Materials, Section 24 (1965).

Appellant makes no complaint as to the reasonableness of attorney's fees, and, in the absence of a statement of facts, we must presume there was sufficient evidence to support the jury's award of attorney's fees.

We also consider appellant's contention that attorney's fees for the costs of appeal are not recoverable. A court, in its discretion, may allow a fee to an attorney for an appeal, but is not required to do so. Bernard v. Bernard, 491 S.W.2d 222 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). A judgment for attorney's fees, not only for legal services in trial court but also covering various steps in possible appeal, was not void, although in part conditioned on happening of contingencies which could not occur until after judgment

was rendered. Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.).[5]

Under the record, appellant's fourth point of error has no merit and must be overruled.

Appellant also asks this court to grant a remittitur for such amount as to the court may appear fair and reasonable. Appellant has no points of error complaining of the excessiveness of the award nor does he complain that any of the jury's answers find no support in the evidence, or that there is insufficient evidence, or that such answers are contrary to the great weight and preponderance of the evidence. Appellant did not ask any remittitur in the trial court. Moreover, appellant saw fit to bring this appeal without a statement of facts, and there is no way from the record before us to determine whether a remittitur is proper or the amount of such remittitur, if any. In the absence of a statement of facts, we must presume that all of the jury's answers were sufficiently supported by the evidence.

All of appellant's points of error have been considered, and all are overruled. The judgment is affirmed.

---

5. In Scanlan v. Gulf Bitulithic Company, 27 S.W.2d 877, 880 (Tex.Civ.App.—Austin 1930), rev'd on other grounds, 44 S.W.2d 967 (Tex.Com.App.1932), the jury found that $1,-250.000 was a reasonable attorneys' fee in the trial court and that $400.00 would be a reasonable additional fee in case of appeal. The court, in approving such attorneys' fee said:

"The fee allowed is not attacked as being unreasonable. Nor do we sustain the contention that the judgment as to the attorneys' fee was void because conditioned upon the happening of a contingency which could

not occur until after the judgment was entered. Appellee's right to such fee necessarily included reasonable fee for such services up to final judgment. If such services at added cost were required on appeal, a reasonable fee therefor would be included also. The judgment was for a definite sum, with a credit of a definite sum upon a contingency, dependent entirely upon the election of the appellants. When they appealed, the contingency was removed, and there remained no facts for those executing such judgment to ascertain and determine which were not stated in the judgment."