**H. A. SEARS, Appellant,**

v.

**CONTINENTAL BANK AND TRUST COMPANY, Appellee.**

**No. 16803.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 20, 1977.

Rehearing Denied Feb. 17, 1977.

Van E. McFarland, Houston, for appellant.

Reynolds, Allen & Cook, Joe H. Reynolds, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment based on an instructed verdict for the defendant in a suit for debt. We affirm.

H. A. Sears as plaintiff sued Continental Bank and Trust Company as defendant alleging that on August 29, 1966, the defendant took $431,305.11 out of plaintiff's general deposit account with defendant, and that defendant has refused to return the money. At the trial Mr. Sears introduced into the record a stipulation to the effect that on August 29, 1966, "the bank took $431,305.11 out of the account of H. A. Sears doing business as Sears Enterprises, Incorporated." He then introduced without objection a copy of a ledger sheet reflecting the activity of the H. A. Sears doing business as Sears Enterprises, Incorporated for the month of August, 1966. It reflects that prior to August 29, 1966, there was a balance in said account of $431,346.11, a withdrawal of the sum of $431,305.11 as of August 29, 1966, leaving a very small balance in said account. The statement bears the legend "We have charged your checking account as follows: Apply to note of James W. Williams, Ernest M. Hall, Jr., and H. A. Sears, $431,305.11."

The relation between Sears and the bank was that of debtor and creditor, and, as a consequence, the bank had the right to set off the amount of the deposit against an equal amount of indebtedness which the

depositor owed the bank. *First National Bank of Schulenburg v. Winkler*, 139 Tex. 131, 161 S.W.2d 1053 (1942).

At the time the plaintiff rested, therefore, there was evidence that the bank had charged plaintiff's account with the sum of $431,305.11 and had applied that sum to a note executed by James W. Williams, Ernest M. Hall, Jr., and H. A. Sears. The note is not in evidence, and the date on which it became due and payable was not in evidence.

■ Since the record relied on by the plaintiff reflects that the money withdrawn from plaintiff's account was credited to a note held by the bank on which the plaintiff was jointly liable, there is no evidence to establish that the bank wrongfully withdrew money from the plaintiff's account, and there is no evidence to establish that the plaintiff had suffered damage in any amount. *Cassidy Commission Company v. Security State Bank*, 333 S.W.2d 454 (Tex. Civ.App.—Houston 1960).

Mr. Sears asserts that the trial court erred in overruling his motion to re-open under Rule 270, and in refusing to allow Sears to have his bill of exception to the court's overruling of the motion to re-open.

After the plaintiff rested, the defendant made a motion for an instructed verdict. Counsel for both parties argued the matter. The court told counsel for the plaintiff that he did not think the plaintiff had made a case. At that time counsel for plaintiff stated: "Well, your Honor, it isn't one for debt. If the Court will permit us, we would like to re-open and read one of the admissions of the pleadings and we will be ready to rest on that basis. We are not alleging a conversion by the bank, we are alleging an action for debt, . . ." After further argument the court stated that he was going to grant the motion for instructed verdict, at which time counsel for plaintiff again moved to re-open. The court refused to re-open the evidence. At that point plaintiff asked if he could make a bill and the court said, "Certainly." The plaintiff then stated that he would like to read into the record certain portions of the defend-

ant's amended answer. The record reflects that there followed a discussion on the necessity of a bill of exceptions and the plaintiff suggested that he wished to introduce statements from a deposition of Mr. Smith, the chief executive officer of Allied Bank. It was explained to the court that the reason for the bill of exception was to make it clear in the record by excerpts from the deposition that H. A. Sears, the plaintiff in this case, was the same H. A. Sears whose account was referred to in the stipulation which was before the court.

We consider that there is in the statement of facts a bill of exception to the refusal of the trial court to permit plaintiff to re-open and present deposition testimony as evidence that plaintiff, H. A. Sears, was the same person as the H. A. Sears who maintained a bank account with the defendant bank. However, we find that reversible error was not presented by said bill of exception. The identity of the name of the plaintiff with that of the person maintaining the bank account constitutes some evidence that the plaintiff was the owner of that bank account. There was no evidence to the contrary.

■ Where the trial court refuses to permit a party to make a bill of exception to a ruling of the judge, the trial court commits error. *State v. Biggers*, 360 S.W.2d 516 (Tex.1962). Under Rule 434, Texas Rules of Civil Procedure, such an error would not result in a reversal of the case unless the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Here the plaintiff introduced evidence to show that money was withdrawn from his account at the defendant bank, but he failed to present any evidence that the withdrawal of the money from the account of the plaintiff was improper. The fact that the trial court refused to permit the plaintiff to present further evidence concerning the ownership of the account in question was not reversible error. In order to overturn the judgment rendered by the trial court it was necessary that plaintiff demonstrate from the record in this case

that he had introduced evidence which, if believed, would require a judgment in his favor. The plaintiff failed to meet this burden.

The judgment is affirmed.

Order not published. Rule 452, T.R.C.P.

Writ Granted by Supreme Court June 22, 1977 and this opinion was ordered published.