**H. A. SEARS, Petitioner,**

v.

**CONTINENTAL BANK AND TRUST COMPANY, Respondent.**

No. B–6639.

Supreme Court of Texas.

July 20, 1977.

Rehearing Denied Sept. 27, 1978.

Van E. McFarland, Houston, Warren E. Burnett, Odessa, for petitioner.

Reynolds, Allen & Cook, Joe H. Reynolds, Houston, for respondent.

REAVLEY, Justice.

A depositor sued for a large sum which the bank "took" from his account. The pleadings suggest possible factual and legal issues, but the evidence leaves us virtually in the dark. The trial court directed a verdict against the depositor, and the Court of Civil Appeals affirmed. 553 S.W.2d 394. We remand the case for trial.

The statement of facts is quite brief. H. A. Sears presented a stipulation between the parties that "on August 29, 1966 the Bank took $431,305.11 out of the account of H. A. Sears, doing business as Sears Enterprises Inc." Sears then introduced a copy of a bank ledger sheet which reflected the activity during August 1966 of an account with Continental Bank and Trust Company in the name of "H. A. Sears, dba Sears Enterprises." This shows a reduction in the balance on August 29 and, attached thereto, is a copy of a notice from the Bank to Sears showing that the account has been charged $431,305.11 as follows: "Apply to note of James W. Williams, Ernest M. Hall, Jr. & H. A. Sears."

There is evidence that this account is owned by the plaintiff. We will presume that this H. A. Sears is the same person who owned an account in the name of "H. A. Sears dba Sears Enterprises" or "H. A. Sears dba Sears Enterprises Inc." See *United States Fidelity & Guaranty Co. v. First National Bank*, 81 S.W.2d 213 (Tex. Civ.App.1935, writ dism'd); *Peoples National Bank v. William Tell Lodge No. 27*, 77 S.W.2d 929 (Tex.Civ.App.1934, no writ). The defendant itself pleaded that the plaintiff, H. A. Sears, was indebted to the defendant on the note and that this indebtedness was offset in taking $431,305.11 out of the account of "H. A. Sears, d/b/a Sears Enterprises."

The relationship of a bank to its general depositors is that of debtor to creditor. *City Nat. Bank of Bryan v. Gustavus*, 130 Tex. 83, 106 S.W.2d 262 (1937). It follows that the bank has the right to set off against an amount on deposit an equal amount of indebtedness owed by the depositor to the bank. *First Nat. Bank of Schulenburg v. Winkler*, 139 Tex. 131, 161 S.W.2d 1053 (1942). The bank must justify its withdrawal from the depositor's account when the depositor proves the balance in his account and sues the bank for that amount. *Mesquite State Bank v. Professional Invest. Corp.*, 488 S.W.2d 73 (Tex.1972). We do not agree with Sears that the Continental Bank and Trust Company may assert the right of setoff only by pleading and proving the promissory note or other indebtedness as a counterclaim. The Bank does, however, have the burden of proving the indebtedness which justifies its deduction from the account balance owing to the depositor Sears.

There being no proof that the amount withdrawn from the account was owed to the Bank by Sears, the directed verdict in favor of the Bank was improper. The judgments of the courts below are reversed, and the cause is remanded to the trial court.

McGEE, J., notes his dissent.