**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**RUSSO PROPERTIES, INC., Appellee.**

**No. 01–85–0904–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1986.

William C. Donahue, George H. Roper, Houston, for appellant.

Craig S. Wolcott, Susan E. Crowley, Taylor, Hays, Price, McConn & Pickering, Houston, for appellee.

Before DUGGAN, DUNN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a suit seeking payment for electrical services in which appellant received a take nothing judgment and appellee recovered $367.33 on its counterclaim and $3,570 in attorney's fees.

Prior to November 30, 1980, Houston Lighting & Power ("H.L. & P.") began providing electrical services to Pizza Hut of Houston, Inc. ("Pizza Hut") at 5860 Ranchester, # 600–C. The property was owned by Russo Properties, Inc. ("Russo"). On November 30, Pizza Hut vacated the premises, apparently failing to notify H.L. & P. or terminate its services. The property remained vacant for an unstated period, and was then leased by Geosource, Inc. ("Geosource").

In its second amended petition, H.L. & P. brought suit against Geosource, Pizza Hut, and Russo for $4,342.96. The amended account reflects services for the period from November 30, 1980, to September 23, 1981. The attached sworn statement reflects that the total services charged were

$4,710.29 and shows a full refund in that amount was issued to Pizza Hut in May 1983. It further reflects a payment by Russo in the amount of $367.33 on March 6, 1984, equaling the amount alleged due for the period of November 30, 1980, to February 4, 1981. The balance remaining for which H.L. & P. sought payment was $4,342.96.

All three defendants answered by general denial. Russo and Geosource asserted that they were strangers to the account. Pizza Hut affirmatively asserted estoppel and waiver by reason of the refund.

H.L. & P. nonsuited Pizza Hut and Geosource, and proceeded against Russo. By its third amended answer, Russo asserted a counterclaim under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex.Bus. & Com.Code Ann. sec. 17.41, *et seq.* (Vernon Supp.1986), seeking actual and treble damages and attorney's fees.

H.L. & P. brings no statement of facts. The transcript reflects that trial was to a jury, which found that Russo was not liable to H.L. & P. but, on the contrary, that Russo was entitled to a refund of $367.33 and reasonable attorney's fees of $5,100. The trial court entered judgment on the verdict. In response to H.L. & P.'s motion to modify the judgment, the trial court reduced the award of attorney's fees to $3,570.

H.L. & P. brings this appeal asserting two points of error.

■ By its first point, H.L. & P. complains of the award of attorney's fees, asserting that Tex.Rev.Civ.Stat.Ann. art. 2226 [1]—now Tex.Civ.Prac. & Rem.Code Ann. sec. 38.001, *et seq.* (Vernon 1986)—does not entitle Russo to attorney's fees for defending a claim or for prosecuting a counterclaim it lost, and that the fees awarded are excessive, bearing no reasonable relationship to the amount in dispute.

Under rules that are well-established in this State, absent fundamental error, where there is no statement of facts or findings of fact in the record, and where it is established by the record that evidence was presented to the [trier of fact] prior to the rendition of judgment, it must be presumed, as a matter of law, that the trial court found facts which will and do support the judgment. *Duval County Ranch Co. v. Harlingen National Bank,* 577 S.W.2d 563, 566 (Tex. Civ.App.—Corpus Christi 1979, no writ); *see Guthrie v. National Homes Corp.,* 394 S.W.2d 494 (Tex.1965); *Armenta v. Nussbaum,* 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); Tex.R. Civ.P. 386.

The burden is on the appellant to bring a sufficient record to show reversible error. *Duval County Ranch,* 577 S.W.2d at 566; Tex.R.Civ.P. 413. Without a statement of facts, the Court of Appeals is limited to review of fundamental error. *See Armenta,* 519 S.W.2d at 676.

Appellant contends that the case presents fundamental error. In essence, it contends that the trial court denied Russo its counterclaim under the DTPA before submission to the jury, so that there was no recovery under the DTPA, and that attorney's fees were not recoverable under the statute. *See Conann Constructors, Inc. v. Muller,* 618 S.W.2d 564, 568 (Tex. Civ.App.—Austin 1981, writ ref'd n.r.e.).

We find nothing in the transcript to show that Russo lost its counterclaim. On the contrary, the judgment reflects that Russo won a recovery, although not necessarily under the DTPA.

■ Russo asserted in its response to H.L. & P.'s motion for new trial that its counterclaim was founded upon a sworn account, i.e., the account presented by H.L. & P. As submitted, the special issues reflect that each party sought recovery and attorney's fees under a theory of *quantum meruit.*

---

**1.** Ch. 314, sec. 1, 1979 Tex.Gen.Laws 718, *repealed by* ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 7043, 7218.

Article 2226 before recodification in 1985 provided:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, or suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The usual and customary fees in such cases shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence.[2]

In *Olivares v. Porter Poultry & Egg Co.*, 523 S.W.2d 726 (Tex.Civ.App.—San Antonio 1975, no writ), the court, in a similar situation, held that attorney's fees were recoverable under an alternative theory of *quantum meruit.* The court observed that there was nothing in the record, absent a statement of facts, to support a contention that appellee had abandoned a claim on a sworn account. *Id.* at 731. The court further observed that attorney's fees had been recoverable under article 2226 in suits submitted on *quantum meruit. Id.* at 732; *see, e.g., Ferrous Products Co. v. Gulf States Trading Co.* 160 Tex. 399, 332 S.W.2d 310 (1960); *Intercity Investments Co. v. Plowman,* 542 S.W.2d 260 (Tex.Civ.App.—Fort Worth 1976, no writ); *Freeman v. Carroll,* 499 S.W.2d 668 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

■ Because it appears that Russo's trial amendment, seeking attorney's fees, was made before closing arguments and submission of the charge to the jury, we find that no objection to submission of either

liability or fee issues was presented to the trial court for its consideration. The failure of a party to object to special issues contained in the charge before it is presented to a jury constitutes a waiver of objections, and such objections are not preserved for our review. *See Olivares,* 523 S.W.2d at 730. The issue was first raised in H.L. & P.'s motion to modify the judgment or for new trial. Objection first presented in a motion for new trial does not preserve a non-jurisdictional error for review. *See, e.g., Vick v. George,* 696 S.W.2d 160, 162 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Hughes v. Hughes,* 407 S.W.2d 14, 15 (Tex.Civ.App.—Waco 1966, no writ).

In summary, the transcript does not reflect that Russo "lost" its counterclaim. We accordingly presume that the trial court permitted recovery of attorney's fees under an appropriate theory absent timely objection. Without a statement of facts or other record of proceedings related to the trial amendment, we are unable to perceive fundamental error.

■ Appellant also asserts that Russo is not entitled to attorney's fees as a matter of law under article 2226 for defending a claim. H.L. & P. contends that attorney's fees were awarded for time spent preparing and defending against H.L. & P.'s claim.

Recent cases have held that when the counterclaimant is forced to defend against all claims before it can recover on the counterclaim, it is entitled to recover attorney's fees devoted to defending against the claims. This appears to be the case when in proving the counterclaim, defending against the claim is automatic, *or when the appellee's counterclaim is so closely interwoven with the appellant's cause of action that no distinction in the prosecution and defense of the suit is necessary. See RepublicBank Dallas, N.A. v. Shook,* 653 S.W.2d 278 (Tex.1983); *First-Wichita National Bank v. Wood,* 632 S.W.2d 210 (Tex.App.—Fort Worth 1982, no writ); *Wilkins v. Bain,* 615 S.W.2d 314 (Tex.Civ.App.

---

2. *See* ch. 314, sec. 1, 1979 Tex.Gen.Laws 718.

—Dallas 1981, no writ); *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860 (Tex. Civ.App.—Corpus Christi 1980, no writ); *Damstra v. Starr*, 585 S.W.2d 817 (Tex. Civ.App.—Texarkana 1979, no writ); *Miller v. Patterson*, 537 S.W.2d 360 (Tex.Civ. App.—Fort Worth 1976, no writ).

Because both claims arose from the single account, in order for Russo to recover the amount it paid to H.L. & P., it had to prove it was not liable for any of the period in question. Much of Russo's time and efforts in prosecuting the counterclaim have been inextricably interwoven with defending against the claim. Russo's response to H.L. & P.'s motion for new trial alternatively alleged that the amount subsequently awarded was a reasonable fee for preparing and prosecuting the counterclaim. We conclude that the disparity between the damage and fee award is attributable to the inseparable relationship of both claims. There is no record of objection to the charge, of requested issues severing the time spent on prosecution from time spent on defense, or objections to admissibility of any testimony regarding Russo's attorney's fees. In the absence of a statement of facts, or other proof to the contrary, we will presume that the trial court acted correctly and did not base the fee award on time spent *solely* on defending against the claim. *See Hemphill v. S & Q Clothiers*, 579 S.W.2d 564, 569 (Tex. Civ.App.—Fort Worth 1979, no writ).

Appellant further contends that the amount of fees awarded is "excessive" because, first, Russo was entitled to no more than the fee of $750 for the nine hours of trial for those two days; and second, the amount awarded bears no reasonable relationship to the amount in dispute, $367.33.

■ We have already concluded that there is support in law for the award of fees for preparing and prosecuting the counterclaim, and we do not conceive that the award should be limited only to time actually spent in trial. Moreover, the transcript reflects a factual discrepancy in that Russo's response motion reflects 13 hours in trial.

■ We further note that the amount sought under the counterclaim was $367.33, but the amount claimed by H.L. & P. was $4,342.96, and the account total was $4,710.29. Because H.L. & P. asserted, in effect, that Russo was liable for the total amount of $4,710.29, we are not convinced that $367.33 is the "amount in dispute."

Attorney's fees, where recoverable, must be "reasonable" under the particular circumstances of the case and must bear some reasonable relationship to the amount in controversy. *Commonwealth Lloyd's Insurance Co. v. Thomas*, 678 S.W.2d 278, 284 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Argonaut Insurance Co. v. ABC Steel Products Co.*, 582 S.W.2d 883, 889 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *Union National Life Insurance Co. v. Reese*, 476 S.W.2d 928, 929 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

[T]he award of any attorney fee is a *fact issue* which must be passed upon by the trial court. The appellate court may review that determination just as it is authorized by its jurisdiction to review other *determinations of fact* made by the trial court.

*International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971) (emphasis added). The reasonableness of attorney's fees is a fact question that must be supported by competent evidence. *Morgan v. Morgan*, 657 S.W.2d 484, 492 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd); *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966). In determining the reasonableness of attorney's fees, the well established factors to be considered are:

1. The nature of the case; its difficulties, complexities, and importance, and the nature of the services required to be rendered by counsel;

2. The amount of money involved, the client's interest at stake, and the amount

of time devoted by the attorney and the benefit derived by the client;

3. The responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services.

*See Tuthill v. Southwestern Public Service Co.,* 614 S.W.2d 205, 212–213 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). An appellate court has the authority in looking at the entire record to draw on the common knowledge of the justices of the court and their experience as lawyers and judges and to view the matter in the light of the testimony, the record, and the amount in controversy. *Id.; Capitol Life Insurance Co. v. Rutherford,* 468 S.W.2d 535, 537 (Tex. Civ.App.—Houston [1st Dist.] 1971, no writ).

■ Since the amount of attorney's fees is a question of fact that requires consideration of various intangibles, the trial court award will not be disturbed absent an abuse of discretion. *Mack v. Moore,* 669 S.W.2d 415, 420 (Tex.App.—Houston [1st Dist.] 1984, no writ). Where an appellant has not produced a record before this Court showing the evidence considered by the trial court in making the award, we cannot say that the trial court erred in the amount awarded. *See Terry v. Howard,* 546 S.W.2d 66, 69–70 (Tex.Civ.App.—Dallas 1976, no writ).

H.L. & P. contends that it does not ask this Court to review the facts, but to consider the award as a matter of law, consistent with its contention that Russo is not legally entitled to any fees. Clearly, however, the question of excessiveness is a *factual* determination. H.L. & P. also asserts in its reply that two pages copied from the record and attached to Russo's motion are the total testimony regarding Russo's attorney's fees. There are factors other than the testimony of witnesses that quite reasonably could have been used by the court in its determination of what amount was "reasonable." *Mack,* 669 S.W.2d at 419. No abuse of discretion has been shown.

We overrule the first point.

■ Appellant by its second point contends that the trial court abused its discretion in refusing a bill of exceptions which merely incorporated an affidavit that would show that appellant's attorney argued to the jury that Russo was not entitled to attorney's fees and, alternatively, that the $5,100 fees requested were excessive, unwarranted, and bore no relation to the counterclaim filed.

At the outset, it should be noted that the bill of exceptions and the affidavit attempt to preserve jury argument germane to the contentions embodied in the first point of error. The trial court refused the bill as being "incorrect and unauthorized" by Tex. R.Civ.P. 372 and 381.

Rule 372 provides in part:

If either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made, or announced or such action taken.... The preparation and filing of bills of exception shall be governed by the following rules:

(a) No particular form of words shall be required in a bill of exception, *but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain,* and no more, and the whole as briefly as possible.

(Emphasis added.)

Here the affidavit and bill do not show any *ruling or action* taken by the trial court. The only reference to any *action* is that of objection to rendition of judgment on the verdict, not to action taken during jury argument. The first instance in which appellant alleges that an objection was voiced is by way of its reply brief, but the transcript does not support this allegation.

While appellant correctly observes that Tex.R.Civ.P. 381 permits the bringing of "any matter pertinent to the appeal," Rule 381 primarily sets forth the timetable for filing a "bill of exception as provided by Rule 372." It does not follow that Rule 381 expands the meaning of Rule 372 to

permit a bill of exceptions to reflect any matter germane to the appeal *in the absence of trial court action.*

Appellant correctly asserts that when the trial court refuses a bill as incorrect, Rule 372(i) mandates filing by the trial court of a bill presenting the ruling of the court as it actually occurred. However, the bill of exceptions herein reflects no ruling whatsoever.

> [The purpose of the] bill of exception, under our practice, is to present to the appellate court a true recitation of the matters presented to the trial court and the manner in which that court acted upon them. As a general rule the bill of exception must disclose that the trial court acted upon the matters complained of in a manner which the appellant believed to be erroneous.

*Pelton v. Cooke,* 209 S.W.2d 398, 400 (Tex. Civ.App.—Fort Worth 1948, writ ref'd n.r. e.).

We conclude from the transcript that appellant's jury argument presented nothing to the trial court upon which it should take action. Rule 372 does not authorize a bill merely for the purpose of preserving jury argument, and it was accordingly not error for the trial court to refuse the bill without further action, inasmuch as the bill was incorrect in both form and substance.

Moreover, we do not agree with appellant that "abuse of discretion" is the proper standard to apply. Appellant cites *Pratt v. Texas Department of Human Resources,* 614 S.W.2d 490 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.), and *Bennett v. Northcutt,* 544 S.W.2d 703 (Tex.Civ. App.—Dallas 1976, no writ), but both cases address discretionary provisions of the Family Code and have no bearing on bills of exception.

Where the trial court commits error in refusing a bill of exception, the error will not result in reversal unless it amounted to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See State v. Biggers,* 360 S.W.2d 516, 517 (Tex.1962); *Sears v. Conti-*

*nental Bank & Trust Co.,* 553 S.W.2d 394, 395 (Tex.Civ.App.—Houston [1st Dist.] ), *rev'd on other grounds,* 562 S.W.2d 843 (Tex.1977); Tex.R.Civ.P. 434.

We do not agree that the bill of exception presents an objection within the jury argument on which the trial court took some action. Nor do we conclude that the trial court was nevertheless required under these circumstances to modify or correct or file a separate bill. Appellant has not shown that it was harmed by the court's refusal of its bill.

The second point of error is accordingly overruled, and the judgment of the trial court is affirmed.