Affirmed and Memorandum Opinion filed November 3, 2005









Affirmed
and Memorandum Opinion filed November 3, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01150-CV

____________

 

TEXASTEK COMPANY,
LTD.,
Appellant

 

V.

 

DAN MAITRAN, Appellee

 



 

On Appeal from the County Civil
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 788,388

 



 

M E M O R A N D U M   O P I N I O N

In this case involving claims of breach of
contract and violations of the Deceptive Trade Practices Act (ADTPA@),[1]
the property management company, appellant Texastek Company, Ltd., challenges
only the award of attorney=s fees to its
former tenant, appellee Dan Maitran. 
Concluding the fee was not excessive, we affirm.








Factual and
Procedural Background

Beginning in 1997, Texastek, a property
management partnership comprised of Clement H.S. Chang and his wife, leased
space in a shopping center to Maitran. 
In 2000, Chang filed a lawsuit for Maitran=s eviction and
obtained a writ of possession and judgment against Maitran in the amount of
$2,445.23 for past due rent, late charges, plumbing costs, and costs of suit.

Chang and Maitran then entered into a
second three-year lease agreement under which Chang, as trustee/landlord,
agreed to release the prior judgment as fully and finally paid provided Maitran
timely paid the rent.  Under the lease,
Maitran, as Afurther rental,@ agreed each month
to pay one-twelfth of his pro-rata share of the property taxes.  He also agreed to pay an additional water
bill when the monthly bill for the entire shopping center exceeded $150.  Finally, Maitran posted a new security
deposit of $750.  The lease expired on
September 30, 2003.

During the course of the second lease,
disagreements arose regarding the amount Maitran owed for property taxes.  In February 2003, Maitran sued Texastek
alleging breach of the lease, as well as violations of the Texas Property Code
and the DTPA.  Maitran specifically
alleged Texastek had overcharged and incorrectly calculated Maitran=s pro-rata share
of the common area maintenance and property taxes.  Maitran alleged an unspecified amount of
economic damages and mental anguish damages and prayed for treble damages under
the DTPA.  He also sought attorney=s fees under the
DTPA and Texas Civil Practice and Remedies Code section 38.001.[2]

On September 4, 2003, Chang notified
Maitran that deficiencies for the 2001 and 2002 property taxes were being
applied against Maitran=s security deposit.  Chang further informed Maitran the remaining
portion of the security deposit Awill pay for [the]
2003 deficiency property tax to be known in October, 2003.@








On September 25, 2003, five days before
the lease expired, Chang sent Maitran a statement indicating Maitran owed
$8,374.76 for water use.  Chang demanded
payment by September 30, 2003.

In October 2003, Texastek counterclaimed
against Maitran, alleging breach of the lease contract.  In an amended counterclaim, Texastek
subsequently prayed for $8347.76 in damages and Aat least@ $5,000 in
attorney=s fees.

In December 2003, while the present case
was pending, Chang filed an application for writ of garnishment based on the
previous judgment against Maitran on the breach of contract action arising from
the first lease.  Chang alleged Maitran
still owed $1,605.23 from the previous judgment, despite the release agreement
in the second lease.

The case was tried to a jury, which found
both parties breached the lease agreement, Texastek failed to return the
security deposit, and Texastek engaged in a false, misleading, or deceptive act
or practice.  The jury found $644.08 in
damages for Maitran and noted the following on the verdict form (jury=s notes bolded):

Amount overcharged for pro rata share of taxes                 0

Amount overcharged for pro rata share of water bills 0

Amount seized for application for writ of garnishment          194[08]

Amount for the security deposit                               450[00]

 

The jury found $600.00 in damages for
Texastek and noted the following on the verdict form (jury=s notes bolded):

Amount for pro rata share of
taxes            taken out of security
deposit

Amount for pro rata share of water bills 600[00]

 

 

Finally, the jury found $8,500 was a
reasonable fee for Maitran=s attorney for
preparation and trial.  It found zero
dollars as a reasonable fee for appeal to the court of appeals and appeal to
the supreme court.








Texastek filed a motion for judgment
notwithstanding the verdict on the issue of attorney=s fees, arguing
Maitran did not qualify as a prevailing party because he received a net gain of
only $44.08 in damages.  The trial court
rendered judgment on the verdict, and  Texastek
then filed a motion for new trial, arguing, inter alia, the trial court Aabused its
discretion in awarding attorney=s fees to
Plaintiff in the sum of Eight Thousand Five Hundred Dollars ($8,500.00) when
the jury found plaintiff's damages to be only Six Hundred Forty‑four
Dollars and Eight Cents ($644.08).@  The motion was overruled by operation of law.[3]

Discussion

In its first point of error, Texastek
contends the trial court erred in failing to grant its JNOV motion and entering
judgment in favor of Maitran for attorney=s fees.  In its second point of error, Texastek
contends the trial court abused its discretion by awarding Maitran $8,500 in
attorney=s fees when the
jury found Maitran=s damages were only $ 644.08.  Texastek does not discuss these issues
separately and does not renew its trial court JNOV argument that Maitran was
not entitled to any attorney fees because he was not the Aprevailing party.@[4]  Instead, the gravamen of Texastek=s appellate
argument is that the attorney=s fee award is
excessive given Maitran=s net recovery of only  $44.08.

A party prevailing on a DTPA claim is
entitled to Areasonable and necessary@ attorney=s fees. Tex. Bus. & Com. Code Ann. ' 17.50(d) (Vernon
2002).  Similarly, under Texas Civil
Practice and Remedies Code section 38.001, a prevailing party is entitled to Areasonable@ attorney=s fees.  Tex. Civ.
Prac. & Rem. Code Ann. ' 38.001 (Vernon
1997).








The reasonableness of attorney fees is
generally a question of fact for the jury=s
determination.  Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998); Manon v. Tejas Toyota, Inc., 162 S.W.3d
743, 751 (Tex. App.CHouston [14th Dist.] 2005, no pet.).   Attorney=s fees must be
reasonable relative to the amount in controversy, but one does not determine
reasonableness by the application of a mechanical formula.  See Star Houston, Inc. v. Kundak, 843
S.W.2d 294, 299  (Tex. App.CHouston [14th
Dist.] 1992, no writ).  Moreover,  the amount in controversy, or Aamount in dispute,@ takes into
account the amount of any counterclaim, rather than only the amount of the
claim or the net recovery.  See
Houston Lighting & Power Co. v. Russo Props., Inc., 710 S.W.2d 711, 715
(Tex. App.CHouston [1st Dist.] 1986, no writ)
(looking at counterclaim as well as claim); see also Building Concepts,
Inc., v. Duncan, 667 S.W.2d 897, 904B05 (Tex. App.CHouston [14th
Dist.] 1992, no writ) (holding fee not excessive, although plaintiffs did not
have a net recovery).

In reviewing the reasonableness of
attorney=s fees, an
appellate court looks to the entire record and considers the testimony, amount
in controversy, nature of the case, and our common knowledge and experience as
lawyers and judges.  See Star Houston,
Inc., 843 S.W.2d at 299.  We examine
all the evidence in the record to determine whether sufficient evidence
supports the award, remitting only if some portion is so factually insufficient
or so against the great weight and preponderance of the evidence as to be
manifestly unjust.  See id.
(citing Pope v. Moore, 711 S.W.2d 622, 624 (Tex. 1986)).

Although Maitran pleaded mental anguish
damages as well as economic damages, he did not in his pleadings specify the
dollar amount he was seeking.  Also, the
opening statements and closing arguments are not part of the record.  Texastek, however, prayed for $8,347.76 in
damages and Aat least@ $5,000 in
attorney=s fees.  There was testimony indicating Chang believed
Maitran owed either approximately $594.00 ($650.00 minus $56.00 garnished from
Maitran=s bank account) or
$299.02 in unpaid property taxes.








By the time of trial, Maitran had paid his
first attorney $2,500 and his trial attorney, 
James Overstreet, $4,000. 
Overstreet testified he was familiar with the usual, ordinary, and
customary charges for similar services rendered in a case like the present
case.  In his opinion, $200 per hour was
a usual, ordinary, and customary charge for a case like this.  Chang, in fact testified he agreed to pay his
attorney $200 per hour and added, AI think it should
be more.@

According to Overstreet, the present case
involved both discovery and mandated mediation. 
Although Overstreet did not testify about the total hours he or Maitran=s first attorney
expended on the case, Overstreet testified he had reviewed the first attorney=s file, and found
her fee of $2,500 was reasonable.  At
$200 per hour, Overstreet=s bill of $4,000 would have represented
twenty hours of work.  Overstreet
estimated an additional ten hours for trial, for a total of $8,500 in attorney=s fees through
trial.  Texastek did not introduce any
evidence on attorney=s fees, and, in its cross-examination of
Overstreet, did not challenge the reasonableness of the fee.[5]

Having considered the amount in
controversy, the uncontroverted testimony $200.00 per hour constituted a
reasonable fee for the type of work, the number of total hours implicitly
expended at such a fee, and the nature of the case, we conclude the jury=s award of $8,500
was not excessive.  Accordingly, we
overrule Texastek=s two points of error.

Conclusion

Having overruled Texastek=s two points of
error, we affirm the judgment of the trial court.       

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 3, 2005.

Panel
consists of Chief Justice Hedges and Justices Anderson and Mirabal.[6]











[1]  See Tex. Bus.
& Com. Code Ann. '' 17.46, .50 (Vernon 2002 &
Supp. 2004).





[2]  Tex. Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997).





[3]  See Tex. R. Civ. P. 329b(c).





[4]  In McKinley
v. Drozd, the supreme court held a net recovery is not necessary to support
an award of attorney=s fees under either the predecessor of Texas Business
and Commerce Code section 17.50 (DTPA) or the predecessor of Texas Civil
Practice and Remedies Code section 38.001. 
685 S.W.2d 7, 9, 11 (Tex. 1985).





[5]  Texastek=s cross-examination was limited to reviewing the
amounts charged, eliciting the authority for the attorney=s fees, and eliciting the observation a party had to
prevail in order to be entitled to fees.





[6]  Senior Justice
Margaret Garner Mirabal sitting by assignment.