Opinion issued November 10, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00044-CV

———————————

Lucky Asemota AKA and BSPA Lucky Pizarro Asemota, Lucky P. Pizarro,
Lucky Asemota and L.P. Asemota Ind. and D/b/a Lucky Pizarro Footwear, Appellant

V.

E & R
Generation Footwear Corp., Appellee



 



 

On Appeal from the County Court at Law No. 1 

Harris County, Texas



Trial Court Case No. 925715

 



MEMORANDUM
OPINION

This is an appeal from a suit on a sworn account for
outstanding invoices for ladies’ shoes. 
After a bench trial, the trial court found that E&R Generation
Footwear Corp. was entitled to recover the amounts due and owing, plus
attorney’s fees, from Lucky Asemota. 
Asemota appeals the judgment against him, contending that the trial
court erred in: (1) failing to provide a court reporter during the trial; (2) overruling
his motion for new trial; and (3) awarding attorney’s fees to E&R
Generation.  We conclude that Asemota did
not preserve his objection to the trial court’s lack of a court reporter for
appeal.  We further conclude that, in the
absence of a record of the trial proceedings, Asemota has failed to show that the
trial court erred in denying his motion for new trial or in awarding attorney’s
fees.  Accordingly, we affirm. 

BACKGROUND

In September 2010, E&R Generation sued Asemota on
a sworn account to recover unpaid invoices from a series of shoe
shipments.  Tex. R. Civ. P. 185.  
Asemota answered by an unverified general denial.  Asemota also counterclaimed against E&R
Generation for storage costs.  Id. 
In January 2010, the trial court entered judgment in favor of E&R
Generation for $89,396.10, plus $29,790.00 in attorney’s fees.  Asemota timely filed a motion for new
trial.  In his motion for new trial,
Asemota contended that he was unable to obtain competent counsel to properly
defend his case.  The motion was
overruled by operation of law. Tex. R.
Civ. P. 329b.

The appellate record does not contain a reporter’s
record from the bench trial.  A letter
from the Official Court Reporter confirms that there is no record of any
portion of the trial. 

DISCUSSION

Failure to employ a
court reporter

Asemota first asserts that the trial
court erred, because it did not employ a court reporter during the trial as the
law requires.  Specifically, Asemota
observes that Texas Government Code section 52.046 requires the court to appoint a court reporter to record the
proceedings. Tex. Gov’t Code Ann. § 52.046(a) (West 2005).  

A court reporter must transcribe
court proceedings.  Tex. Gov’t Code Ann. § 52.046(a).  However, the parties
may waive their right to a record. Tex.
R. App. P. 13(a).  In the absence
of an express waiver, the failure to transcribe trial proceedings is
error.  In re Estate of Arrendell, 213 S.W.3d 496, 502 (Tex. App.—Texarkana
2006, no pet.) (court reporter’s failure to record proceedings constitutes
error in the absence of an express waiver by parties); Reyes v. Credit Based Asset Serv. & Securitization, 190 S.W.3d
736, 740 (Tex. App.—San Antonio 2005, no pet.) (court reporter’s failure to
transcribe the proceedings in accordance with Tex.
R. App. P. 33.1(a) is error). 
Nonetheless, to preserve this issue for appeal, the complaining party
must object to the court reporter’s failure to record the proceedings. Tex. R. App. P. 33.1(a); Reyes, 190 S.W.3d at 740 (“[I]n order to
preserve the error for appeal, a party has the burden of objecting to the court
reporter’s failure to record the proceedings”); see Nicholson v. Fifth Third
Bank, 226 S.W.3d 581, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(presuming sufficient evidence supporting judgment where defendant failed to
request court reporter record county court bench trial).

Asemota contends that the trial court erred because
his bench trial was not recorded, but raises this issue for the first time on
appeal.  He did not, for example,
complain about the lack of a court reporter in his motion for new trial.  In a similar case, this Court affirmed a
trial court’s judgment—after a bench trial on the merits—because the party seeking reversal
had not complained about the lack of a reporter in the trial court.  Nicholson,
226 S.W.3d at 583.  Because Asemota did
not object to the absence of a court reporter either by motion or written
objection in the trial court, we hold that he has failed to properly preserve
the error.  See Reyes, 190 S.W.3d at
740 (error not preserved without
objection in the trial court); In re
Estate of Arrendell, 213 S.W.3d at 502 (same).




 

Motion for New Trial

Asemota next asserts that the trial
court abused its discretion when it overruled his motion for new trial.  We review a trial court’s denial of a motion
for a new trial for abuse of discretion.  See In re R.R., 209 S.W.3d 112, 114 (Tex. 2006); Imkie v. Methodist Hosp., 326 S.W.3d 339, 344 (Tex. App.—Houston
[1st Dist.] 2010, no pet.). The trial court abuses its discretion if it acts
without reference to any guiding principles or acts arbitrarily or unreasonably.
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). Under the abuse-of-discretion
standard, we view the evidence in the light most favorable to the
trial court’s actions.  Holley v.
Holley, 864 S.W.2d 703, 706
(Tex. App.—Houston [1st Dist.] 1993, writ denied). 

When no
reporter’s record exists and the trial court has made no findings of fact, we
presume that sufficient evidence supports the trial court’s judgment.  See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987)
(holding that absent record, reviewing court must presume that evidence before
trial court was adequate to support decision); Nicholson, 226 S.W.3d at 583 (assuming sufficient evidence
supporting judgment in absence of reporter’s record).  Without a reporter’s record, Asemota has not shown that the
trial court abused its discretion in overruling the motion by operation of
law.  Moreover, with rare exception, a
defendant is not entitled to court-appointed counsel in a civil case.  Gibson
v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003).  Accordingly, we hold that the trial court did
not abuse its discretion in overruling Asemota’s motion for new trial.

Attorney’s Fees

We review an
award of attorney’s fees for abuse of discretion. Comm’rs Court of Titus Cnty. v.
Agan, 940 S.W.2d 77, 81 (Tex.
1997).  A
decision to award attorney’s fees is an issue of fact. See Gonzalez v. Nielson, 770 S.W.2d 99,
102 (Tex. App.—Corpus Christi 1989, writ denied); Magids v. Dorman, 430 S.W.2d 910, 912 (Tex. Civ. App.—Houston [14th
Dist.] 1968, writ ref. n.r.e.). “Where an appellant has not produced a record before this
Court showing the evidence considered by the trial court in making the award,
we cannot say that the trial court erred in the amount awarded.” Houston Lighting & Power Co. v. Russo
Props., Inc., 710 S.W.2d 711, 716 (Tex. App.—Houston [1st Dist.] 1986, no
writ). Accordingly, we hold that the trial court did not abuse its discretion
in awarding attorney’s fees.  




 

Conclusion

Asemota objects to the absence of a court reporter for
the first time on appeal.  We conclude
that, because Asemota did not challenge the lack of a reporter in the trial
court, he has waived such a challenge on appeal.  Without a record, we cannot find that the trial
court abused its discretion in overruling Asemota’s motion for new trial or in
awarding attorney’s fees.  We therefore affirm the judgment of the trial court.

 

 

                                                                   Jane
Bland

                                                                   Justice

 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.