EDWARD O'NEIL vs. NEW ENGLAND TRUST COMPANY.

MAY 22, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Banks.  Garnishment.*

Where a bank paid out plaintiff's money, as garnishee, under execution against a judgment debtor other than plaintiff, but bearing the same name, it is liable to plaintiff to the amount of such payment.

ASSUMPSIT.  Heard on exceptions of defendant, and over-ruled.

DUBOIS, J.  When a bank receives money on deposit, it is to be paid to the depositor or to his order or to or for his use or account.  The bank assumes the duty of seeing that it is so paid.  If it pays out the money otherwise it is liable to the depositor to the amount of such payment.  *Tolman* v. *American National Bank,* 22 R. I. 463.  The defendant, having so received the money of the plaintiff, paid out the same as garnishee under execution against a judgment debtor other than this plaintiff, but bearing the same name.  The defendant claimed that it tried to communicate with the plaintiff without success, and afterwards assumed that he must be the judgment debtor.  This is no excuse.  The duty of the trust company was to find out whether the defendant, in the suit wherein it was named as garnishee, had funds on deposit with it. This it made no attempt to do.  The defendant was not paid the garnishee fee to examine into the affairs of any other person than the one named in the writ, and the plaintiff in this case was not the one named therein.  In other words, the defendant attempted an investigation of the wrong person and came to an erroneous conclusion.  The judge who presided at the trial did not err in his charge and refusals to charge.  The plaintiff made out a *prima facie* case when he proved that he deposited the money in question with the defendant and demanded the same from it;  the burden of proving payment to or for the use of the plaintiff was upon the defendant and

it failed to sustain the same. A verdict for the plaintiff was therefore properly directed.

The defendant's exceptions are overruled, and the case is remanded to the Superior Court for judgment on the verdict.

*Bliss & Walsh,* for plaintiff.

*Charles A. Wilson and William J. Brown,* for defendant.