**PROFESSIONAL INVESTMENT COR- PORATION, Appellant,**

**v.**

**MESQUITE STATE BANK, Appellee.**

**No. 17841.**

Court of Civil Appeals of Texas, Dallas.

April 13, 1972.

Rehearing Denied May 18, 1972.

Bill Glaspy, Smith, Glaspy & Attaway, Mesquite, for appellant.

Henry D. Akin, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

BATEMAN, Justice.

The appellant Professional Investment Corporation sued Mesquite State Bank, appellee, to recover money which appellant had on deposit in said bank. The amount in controversy is the aggregate of four checks drawn by appellant against its account in the appellee bank,* payable to appellee. The verdict of the jury was favorable to appellant, but the trial court rendered judgment against it notwithstanding the verdict.

Appellee pled that the four checks were presented to it by one Gene Bruton, an agent and employee of appellant, and that at his request appellee issued four cashier's checks, three of them payable to First National Bank in Dallas, Texas and the fourth payable to Western Union.

Appellee relies principally upon a resolution of appellant's board of directors, and particularly that portion thereof as follows:

"FURTHER RESOLVED, That Bank is hereby authorized to honor any and all withdrawals of the Corporation's funds payable to the officer or agent signing, or countersigning the same, or payable to Bank, whether such withdrawals are presented for cash or for credit to the personal account of such officer or agent or the person presenting the same, and Bank need make no inquiry concerning any such item."

The case was submitted to the jury on four special issues, two of which (Nos. 1 and 3) were answered "No" that the jury did not find from a preponderance of the evidence that Gene Bruton received the proceeds from appellant's four checks. The other two (Nos. 2 and 4), being conditioned on affirmative answers to Nos. 1 and 3, were not answered. Appellant moved for judgment on this verdict, but its motion was overruled. The trial court had refused appellee's motion for instructed verdict but sustained its motion for judgment *non obstante veredicto*.

Appellant's first point of error on appeal is that the judgment was erroneous because appellant had introduced sufficient evidence to prove a prima facie case which was not successfully rebutted by appellee. We sustain this point.

The undisputed evidence showed that appellant's four checks were debited to its account by appellee and that appellee thus received the proceeds thereof; also that appellee issued the four cashier's checks in amounts identical to those of appellant's four checks, but there was no direct evidence to show to whom they were delivered or what was done with them. Appellant owed appellee a rather large sum but received no credit on its indebtedness for any of its said checks.

There was some circumstantial evidence that appellee delivered the cashier's checks to Bruton. They were in the same amounts and bore dates within a day or two of the dates of appellant's four checks. However, such circumstantial evidence did not establish such delivery as a matter of law but at most merely raised a fact issue.

---

* Appellants sued also on a fifth check, but its cause of action thereon was abandoned during the trial.

■ Appellant proved a prima facie case when it proved the issuance of the checks payable to appellee, and that appellee received the proceeds thereof by debiting them to appellant's account on its books. The burden then shifted to appellee to show, if it could, that appellant or one of its officers or agents actually received or was credited with the proceeds from said checks, or at least received the said cashier's checks. The controlling issue was whether the cashier's checks were actually delivered to Bruton. The burden was on appellee to obtain a favorable finding on this issue, which constituted an independent ground of defense and, not having requested the issue, must be held to have waived the defense, Rule 279, Vernon's Texas Rules of Civil Procedure, unless affirmative answers to the special issues submitted would have established the defense. We are not faced with that question, however, because no such affirmative answers were obtained.

■ Appellee was indebted to appellant for the full amount of its account, and it could discharge this obligation in no other way than to pay it to appellant or to some other person on appellant's order or, under the authority of the above quoted resolution, to pay it to its officer or agent presenting a check or other order for withdrawal of its funds. City National Bank of Cleburne v. Strickland, 273 S.W.2d 667, 670 (Tex.Civ.App., Waco 1954, writ ref'd n. r. e.); L. G. Balfour Co. v. State Trust & Savings Bank, 120 S.W.2d 477, 479 (Tex.Civ.App., Waco 1938, no writ); City Nat. Bank of Bryan v. Gustavus, 130 Tex. 83, 106 S.W.2d 262, 264 (1937).

Appellee failed to carry its burden of proving and obtaining jury findings that it had satisfied its obligation, and appellant was therefore entitled to a judgment. This holding obviates the necessity of discussing or passing upon appellant's other points of error. It is our duty to "enter judgment in harmony with the verdict, unless the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict." Jackson v. Ewton, 411 S.W.2d 715, 717 (Tex.Sup. 1967).

Appellee contends under its first cross-point that the trial court erred in overruling its motion for instructed verdict. Appellee was not entitled to a directed verdict in the face of appellant's prima facie case based on its showing, and appellee's admission, that the four checks were received by appellee and charged to appellant's account with no showing by appellee that it paid the proceeds thereof to or for the account of appellant, or to an officer or agent of appellant, or credited same to appellant's indebtedness to appellee.

Appellee's second cross-point complains of the trial court's refusal of its motion for judgment on the verdict. The verdict was favorable to appellant. Appellee failed to obtain a jury finding that it had delivered the cashier's checks to appellant's agent, Bruton, or that Bruton received the proceeds from the checks and it was therefore not entitled to a judgment on the verdict.

Both cross-points are overruled.

The judgment is reversed and rendered that appellant recover judgment against appellee for $17,403.63, with interest at the rate of 6% per annum on the amounts of appellant's checks from the respective dates they were received by appellee, to-wit: on $5,000 from August 9, 1967; on $4,499.63 from September 18, 1967; on $3,904 from October 13, 1967; and on $4,000 from October 27, 1967; together with all costs.