**MESQUITE STATE BANK, Petitioner,**

v.

**PROFESSIONAL INVESTMENT COR-
PORATION, Respondent.**

No. B–3433.

Supreme Court of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 17, 1973.

Akin, Gump, Strauss, Hauer & Feld, Henry D. Akin, Dallas, B. W. Cruce, Jr., Mesquite, for petitioner.

Smith, Glaspy, Jones & Moss, Bill Glaspy, Mesquite, for respondent.

STEAKLEY, Justice.

As it reaches us, this is a suit by Professional Investment Corporation, respondent, against Mesquite State Bank, petitioner, growing out of transactions involving four checks payable to the bank and drawn against the account of Professional Investment Corporation in the bank, aggregating $17,403.63. Trial was to a jury but the trial court rendered judgment for the bank notwithstanding its verdict.[1] The court of civil appeals reversed and rendered judgment for Professional Investment Corporation. 480 S.W.2d 460. We affirm.

It is the essential position of the bank as petitioner here that Professional Investment Corporation, which we will refer to as PIC, pleaded only in tort and was not entitled to judgment because it did not discharge the burden of proof under the case so pleaded.[2] Even so, we are of the view

---

1. In response to the only issues submitted unconditionally, the jury failed to find that Gene Bruton, whose identity is later shown, received the proceeds of the checks; there were no objections to the form of the charge.

2. . . . the Defendant Bank took the proceeds of the checks or paid said proceeds to third parties not known to the Plaintiff and not at the Plaintiff's instruction . . . . That each of the above and foregoing checks were delivered to the Mesquite State Bank and Mesquite State Bank received the proceeds of said checks and converted the money to their own use or paid said money out to third parties not at the instructions of the Plaintiff, Professional Investment Corporation.

. . . That at the time Defendant received the proceeds from said checks Defendant became a special fiduciary to the Plaintiff and was under an obligation not to apply said money to any other purposes than for the purpose as directed by the Plaintiff corporation.

. . . The Defendant, Mesquite State Bank, breached its fiduciary duty to Plaintiff, Professional Investment Corporation

that PIC established a prima facie case for recovery, and that the bank failed in its burden of going forward with the evidence in the particulars later reviewed.

Upon trial, and principally by means of admissions, PIC as plaintiff established that it was a depositor in the bank; that the checks in question drawn on its account were payable to the bank; that withdrawals from its account in the amount of the checks were made by the bank; and that PIC was a debtor to the bank on substantial loan balances in addition to being a depositor. PIC also offered evidence, which does not appear to have been disputed, that the proceeds of the checks were not applied to its loan balances in the bank or otherwise to its uses. It also appears to have been agreed that the checks were presented by one Gene Bruton, an employee of PIC.

In defense, the bank offered evidence that Bruton had authority to present the checks as an authorized agent of PIC; and that cashier's checks coinciding in amounts, and approximately in dates, to the four checks were issued by the bank, three of which were payable to First National Bank in Dallas and one to Western Union, with each showing PIC to be the Remitter.[3] The bank had alleged that the cashier's checks were issued at the request of Bruton in amounts corresponding to the four checks payable to the bank and drawn on PIC's account in the bank, and that

such checks did issue and were paid. But the bank offered no proof that these cashier's checks were prepared at Bruton's direction or were in fact delivered to him, or that he received the proceeds of the original checks, or that the proceeds of the cashier's checks had been received by, or that the checks bore the endorsement of, the payees, First National Bank in Dallas, and Western Union.

The relationship between a bank and its depositor is that of debtor and creditor with title to the deposited funds passing to the bank. City National Bank of Bryan v. Gustavus, 130 Tex. 83, 106 S. W.2d 262 (1937). The bank is under the duty of disbursing the funds on deposit in accordance with the directions of the depositor. See City National Bank of Cleburne v. Strickland, 273 S.W.2d 667 (Tex. Civ.App.1954, writ ref'd n.r.e.). In suits against a bank to recover deposits, the burden of proving payment under authority from the depositor is on the bank. L. G. Balfour Co. v. State Trust & Savings Bank of Dallas, 120 S.W.2d 477 (Tex.Civ. App.1938, no writ); City National Bank of Commerce v. Farrington, 243 S.W. 544 (Civ.App.1922, no writ). This duty of accountability is likewise present when the bank honors checks properly drawn by a depositor naming the bank as payee. See Annot. 138 A.L.R. 853 (1942). Title to the funds thus segregated passes to the drawer, and the relationship between the bank

and either converted the proceeds of said checks to its own use or allowed some third party to convert said proceeds of the checks to his or her own use.

. . . your Plaintiff prays . . . that upon final hearing hereof Plaintiff have and recover of and from the Defendants . . . $18,603.63, which is the total of the above mentioned and described five checks, plus interest, and for such other and further relief both at law and in equity to which it may be justly entitled.

3. The four checks in question were dated and in amounts, as follows:
   Check #610—August 7, 1967 for $5,-000.00;

Check #635—September 18, 1967 for $4,499.63;
Check #648—October 13, 1967 for $3,904.00; and
Check #650—October 25, 1967 for $4,000.00.

The four cashier's checks were dated and in amounts, as follows:
Cashier's Check #16478—August 8, 1967 for $5,000.00;
Cashier's Check #17099—September 18, 1967 for $4,499.63;
Cashier's Check #17466—October 13, 1967 for $3,904.00; and
Cashier's Check #17630—October 27, 1967 for $4,000.00.

and the drawer under such circumstances is no longer one of debtor-creditor, as before, since the bank holds the funds subject to instructions from the drawer. See Kuraner v. Columbia National Bank of Kansas City, 230 Mo.App. 358, 90 S.W.2d 465 (1936).

 Here, Mesquite State Bank was legally obligated to pay out the funds drawn from the account of PIC, in response to the checks in which the bank was the named payee, in the manner directed by its depositor-drawer; and it was under the burden of showing that it did so. 6 Zollmann, Banks and Banking, § 3647 (1936); 10 Am.Jur.2d, Banks, § 560 (1963). It may be assumed that the bank established its authority to withdraw funds from the account of PIC in the sums represented by the four checks presented by Bruton upon his authority as its agent, and to disburse such funds in accordance with his instructions. But as indicated above, and as a matter of going forward with the evidence, the bank was under the minimum burden of showing that it actually paid out, and no longer had in hand, the funds represented by the four checks which named it as payee. Otherwise, it was not sheltered from responsibility under the case made by PIC. This proof was not made by the bank. Even assuming that the four cashier's checks offered in evidence by the bank were in fact prepared in response to the four checks in question, and that this was shown circumstantially to have been done under instructions from Bruton, there was yet no proof that they were delivered either to Bruton, or to the payees, or that they were in fact endorsed and cashed by the payees, or, indeed, that the checks ever left the bank. For aught that appears from the evidence offered by the bank, it has in hand the funds drawn from the account of PIC and has not accounted therefor; or it has wrongfully disbursed such funds to parties unknown to PIC or to the record in this case. The pleadings of PIC reach its right to recovery in either event.

The judgment of the court of civil appeals is affirmed.