**DENNY PASSI and MAGDALEN D. PASSI, Plaintiffs**

**v.**

**AMERIKA SAMOA BANK, Defendant.**

High Court of American Samoa
Trial Division

CA No. 139-94

June 28, 1995

Before RICHMOND, Associate Justice, BETHAM, Associate Judge, and

SAGAPOLUTELE, Associate Judge.

Counsel:        For Plaintiff, Tautai A.F. Faalevao
                    For Defendant, William H. Reardon

Opinion and Order:
## INTRODUCTION

This matter involves a dispute between depositors and their bank regarding the status of funds deposited in a savings account more than 12 years ago. The depositors have demanded the return of their initial deposit, but the bank claims that the funds have been withdrawn.

## BACKGROUND FACTS

On July 5, 1983, plaintiffs Denny Passi ("Denny") and Magdalene Passi set up savings account No. 10851 with defendant Amerika Samoa Bank ("ASB") with an initial deposit of $4,271.27.[1] ASB issued plaintiffs a savings account passbook reflecting the initial deposit. Neither the passbook nor plaintiffs' savings account application listed their P.O. box address. Sometime later in 1984, ASB relocated its offices to its current location and switched from a manual to a computer banking system. In so doing, ASB changed plaintiffs' savings account number to 171-308178. Since then, the only account activity has been quarterly service charges due to the account being less than the minimum amount required.

On January 25, 1993, and February 24, 1994, ASB sent plaintiffs notices that, according to ASB records, plaintiffs' savings account had been inactive first for almost and then for more than 10 years, and that unless contacted, ASB would transfer the unclaimed account funds to the Treasurer of the American Samoa Government, as escheated under A.S.C.A. §§ 28.1601-28.1615. Neither of these notices stated the account balance. ASB never sent plaintiffs any savings account statements.

On March 1, 1994, Denny presented ASB with the original savings account passbook reflecting the $4,271.27 initial deposit and sought to withdraw that amount, plus accumulated interest. ASB informed Denny that he was only entitled to the current balance of $10.24. Denny

---

[1] In 1983, Denny received three loans from ASB for $15,000 each and set up three savings accounts for approximately $4,000 to $5,000 each. Two of the accounts were transferred to checking accounts, whereas, the third remained a savings account and is the subject of this dispute.

requested an account statement and demanded that ASB offer proof that the remaining funds had been withdrawn from the account. Since the account had been dormant for longer than ASB retains account records, ASB was unable to produce proof of any withdrawal. On March 25, 1994, Denny again attempted to receive the initial deposit, plus interest, and refused to accept the offered amount of $10.24.

On July 27, 1994, plaintiffs filed this action against ASB seeking $4,271.27, plus interest, punitive damages, and attorney's fees and costs. On August 8, 1994, ASB filed an answer alleging that plaintiffs withdrew the funds in 1983 or 1984 and that their claim is barred by statute of limitations and laches. Trial was held on April 21 and May 4, 1995. Both parties were represented by counsel.

## BURDEN OF PROOF

■■■ The relationship of a bank to its general depositors is that of debtor to creditor. *Sears v. Continental Bank & Trust Co.*, 562 S.W.2d 843, 844 (Tex. 1978). In order for a depositor to recover deposited funds against a bank, he must make a prima facie showing that he deposited the money in question with the bank and demanded the same from it. *O'Neil v. New England Trust Co.*, 67 A. 63 (R.I. 1907). If a depositor has met this burden, or if no controversy between the parties exists over the fact that a depositor placed funds to his credit with the bank, then the bank, seeking to avoid recovery by the depositor, is charged with the burden of proving payment to the depositor by a preponderance of the evidence. *First Natl. Bank v. Ketchum*, 172 P. 81, 82 (Okla. 1918); *Mesquite State Bank v. Professional Investment Corp.*, 488 S.W.2d 73, 75 (Tex. 1972). In a depositor's action for return of deposit, where the bank alleges payment as a defense, the burden is on the bank to show that such payment was made. *Goddard v. Citizens-First Nat'l Bank of Independence*, 224 P. 59 (Kan. 1924) (court held that once the bank admitted to receiving the deposit, it could not be relieved of liability without showing that payment had been made).

## DISCUSSION

### I. Plaintiffs' Prima Facie Case

It is undisputed that plaintiffs made the initial deposit of $4,127.21 with ASB. The parties further agree that on March 1 and 25, 1994, Denny made demands for the initial deposit, plus interest, and that ASB refused payment. Plaintiffs have sufficiently proven their prima facie case and,

therefore, the burden shifts to ASB to prove that plaintiffs withdrew the funds or that their claim is not valid for other reasons.

## II. ASB's Burden To Show Funds Were Withdrawn

ASB alleges that plaintiffs withdrew the funds from the savings account in either 1983 or 1984. Michael Leiden ("Leiden"), ASB's Chief Financial Officer, testified that according to ASB's oldest entry of record, June 28, 1985, the balance in the savings account was $30.40. Although this entry may imply that the funds were withdrawn before that date, ASB was unable to offer any proof that a withdrawal occurred.

■ Leiden testified that ASB is unable to offer proof of payment due to its policy to destroy all written records for savings accounts after five years, as permitted by 12 U.S.C.A. § 1829(b)(g). ASB's attempt to use this legislation as an excuse for not having records is in direct conflict with the intent of Congress in passing 12 U.S.C.A. § 1829(b)(g). This legislation, entitled the Federal Depositor's Insurance Act, requires federally insured banks to retain records since the information may be valuable in litigation. It is not a mandate to banks to destroy records in order to avoid liability or relax a burden of proof. Furthermore, other evidence, such as the fact that ASB moved its location, shifted from a manual to a computer system, and renumbered plaintiffs' account, support a finding that ASB has failed to show by a preponderance of the evidence that plaintiffs' withdrew the funds.

## III. Statute of Limitations

■ Actions to recover bank deposits evidenced by entries in a depositor's account passbook are governed by statutes relating to actions on oral contracts, and not on written contracts, unless the passbook is signed by an authorized bank employee and contains a definite promise to pay. *Stark v. Long*, 270 S.W. 1095, 1097 (Tex. 1925). Plaintiffs' passbook lists their names, the account number, the date and the amount of initial deposit. It is also signed by an ASB employee, but there is no evidence that the employee is an authorized officer of ASB. The passbook is merely evidence of a transaction and not a written contract.

■ A.S.C.A. § 43.0120(3) requires that actions founded on unwritten contracts must be brought within three years after their causes accrue. In most cases the accrual date for the three-year limitation is when the injured party "knows or should have known the essential facts about his injury and its probable cause" *Randall v. American Samoa Gov't*, 19 A.S.R.2d 111,

133

116 (Trial Div. 1991) (*citing American Samoa Gov't v. Utu*, 9 A.S.R.2d 88, 91 (Trial Div. 1988)), but in actions by depositors to recover funds from a bank, it is well established that the statute of limitations does not accrue until the depositor has made a demand and the bank has refused to pay. *Missouri Pac. Ry. Co. v. Continental Nat'l Bank in St. Louis*, 111 S.W. 574, 577-578 (Miss. 1908); *Pierce v. State Nat'l Bank of Boston*, 101 N.E. 1060 (Mass. 1913).

However, whether the accrual date is when plaintiffs discovered their account balance of record, on March 1, 1994,[2] or whether it is when ASB denied Danny's demand to return the initial deposit, also on March 1, 1994, and again on March 25, 1994, both events occurred within three years of the filing of this action. Either way, this action is not barred by A.S.C.A. § 43.0120(3).

## IV. Laches

■ ASB's contention that plaintiffs claim is barred by laches is without merit. When the limit within which a plaintiff might bring an action against a defendant is fixed by a statute of limitations, then the doctrine of laches is inapplicable. *Livingston, Inc. v. Bank of America Nat'l Trust & Sav. Ass'n*, 46 P.2d 195, 197 (Ca.1935) (court did not apply laches since action by the depositor against the bank over account balance was filed within a governing two-year statute of limitation period).

The doctrine of laches is determined on a case by case basis and will usually bar recovery only if a party has voluntarily delayed asserting a right, and due to the delay, the opposing party's as well as the court's ability to ascertain the truth are harmed. *Stiefel v. Farmer's State Bank*, 168 N.E. 30, 33 (Ind. 1929).

Although we recognize that it is not common practice to fail to check the balance of a savings account for over 10 years, we find that under the circumstances, it is reasonable that Denny did not discover amount of record in the savings account until March 1, 1994. Denny testified that after the initial deposit, he stored the passbook in his files at home and intended to allow the account to sit and earn interest. Since this is the nature of a savings account, it reasonable that Denny left the account dormant without checking the balance, even for 10 years. It is also

---

[2] Since both Denny and Leiden testified that ASB never mailed plaintiffs a savings account statement, we find it reasonable that Denny did not discover his account balance of record until he went to the bank on March 1, 1994.

reasonable that Denny could have forgotten about the account.

In any event, we believe that the obligation to keep records weighs more heavily on a sophisticated business than on an individual depositing money. Plaintiffs never received any documentation from ASB regarding the savings account until ASB's notice letter of January 25, 1993, which was sent via general delivery, not to Denny's P.O. box or work address. After Denny received this letter, he located the passbook and made demand to ASB for the account balance. The period of time between plaintiffs receipt of this letter and the filing of the complaint in this action, approximately 18 months, does not constitute laches. Denny testified that he never received the notice letter of February 24, 1994, which ASB mailed to plaintiffs via Denny's employment address. Even Leiden testified that although ASB mailed periodic statements to plaintiffs for their checking accounts, they never sent them a statement pertaining to the savings account. Denny has repaid his loans to ASB and currently banks with the Bank of Hawaii.

## CONCLUSION

It is undisputed that plaintiffs deposited $4,271.27 in a savings account with ASB on July 5, 1983, and that ASB refused payment to Danny upon his demands in March 1994. ASB has failed to show by a preponderance of the evidence that plaintiffs withdrew the funds or that a presumption for payment should apply. Furthermore, this action is not barred by the applicable statute of limitations or laches.

Accordingly, we hereby order ASB to make payment to plaintiffs of the initial deposit of $4,271.27, plus accrued interest from July 5, 1983, until date of the entry of judgment at the effective rate used by ASB during this period for similar accounts in the course of its banking business. We deny plaintiffs' request for punitive damages and attorney fees.

It is so ordered.