COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-171-CV

 

 

LAVERNE RALL GUNDERSON                                                          APPELLANT

                                                                                                    AND
APPELLEE

 

                                                             V.

 

WELLS FARGO BANK, N.A.                                                                 APPELLEE

                                                                                                  AND
APPELLANT

 

 

                                                       ------------

 

             FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction








Laverne
Rall Gunderson and Wells Fargo Bank, N.A. both filed appeals from a final
judgment.  The final judgment
incorporated the trial court=s
interlocutory orders granting partial summary judgment in favor of Wells Fargo,
denying Gunderson=s motion for summary
judgment, and awarding Wells Fargo attorney=s
fees.  In two issues, Gunderson argues
that the trial court erred by granting Wells Fargo=s
motion for summary judgment while denying hers and that the trial court erred
by awarding attorney=s fees to Wells Fargo.  In one issue, Wells Fargo argues that the
trial court erred by placing a limitation on the manner in which Wells Fargo
could collect upon the attorney=s
fees judgment against Gunderson.  We will
affirm.

II.  Background

Until
recently, Gunderson, a resident of Crowley, Texas, maintained both a savings
account and a checking account with Wells Fargo.  In late March 2008, the California State
Board of Equalization (ABoard@)
sent a notice of levy to Wells Fargo seeking payment of funds from Gunderson=s
bank accounts.  The notice of levy
related to alleged unpaid taxes owed by Gunderson=s
husband in California.  The levy also
included an accompanying affidavit by one of the Board=s
tax compliance specialists attesting to the tax levy=s
authenticity.  At the time of the notice,
Gunderson=s
bank account balances totaled $6,839.31.

In
response to the notice of levy, Wells Fargo debited Gunderson=s
accounts and sent all funds in the accounts to the Board.  Additionally, Wells Fargo forwarded the
notice of levy to Gunderson, notified her that her accounts had been debited,
and informed her that if she had any objections to the levy, she should contact
the Board.  Wells Fargo then charged
Gunderson a $100 fee against her accounts relating to its response to the
notice of levy.








Gunderson
filed a breach of contract claim against Wells Fargo.  In her petition, Gunderson argued that the
Board did not have legal authority to debit monies from her accounts held in
her name, that the Board did not have jurisdiction over her husband to pursue a
tax debt, and that Wells Fargo had breached its contract with her by refusing
her demands for the funds and paying them to the Board.  Furthermore, Gunderson argued that any
conduct by Wells Fargo based on the Board=s
request is not excused.  Gunderson filed
a motion for summary judgment on her breach of contract claim and also asked
for attorney=s
fees.

Wells
Fargo responded with its own motion for summary judgment, contending, among
other arguments, that it was entitled to act upon the notice of levy under the
consumer account agreement between itself and Gunderson.  Furthermore, Wells Fargo alleged that, per
the agreement, it was entitled to attorney=s
fees incurred in responding to Gunderson=s
lawsuit.  The consumer account agreement
states in part:

Legal Process.   The Bank may accept and act on any legal
process that it believes is valid, whether served in person, by mail or by
electronic notification, at any location of the Bank.  ALegal
Process@
includes a levy, garnishment or attachment, tax levy or withholding order,
injunction, restraining order, subpoena, search warrant, government agency
request for information, forfeiture, seizure, or other legal process relating
to your Account.  Any such legal process
is subject to the Bank=s security interest and
right of setoff.  The Bank will not
notify you of a grand jury subpoena affecting you or your Account.  Any fees or expenses (including attorney=s
fees and expenses) the Bank incurs in responding to any such legal process may
be charged against any account you maintain with the Bank.








The
trial court granted Wells Fargo=s
summary judgment motion pertaining to its defense that it was entitled to act
upon the notice of levy.  The trial court
denied Gunderson=s motion for summary
judgment.  The trial court then held a
hearing regarding the propriety of Wells Fargo recovering attorney=s
fees.  Neither party requested that a
reporter=s
record be made of this hearing.  The
trial court found that the consumer account agreement entitled Wells Fargo to
recover attorney=s fees relating to this
lawsuit but limited the manner in which those fees could be collected to
charging against Gunderson=s
accounts at Wells Fargo only.  This
appeal followed.

III.  Discussion

A.      Wells Fargo was contractually entitled to
respond to the levy

In
her first issue, Gunderson argues that the trial court erred by granting Wells
Fargo=s
summary judgment and denying her own. 
Specifically, Gunderson argues that because a California court
eventually found that California, and thus the Board, did not have personal
jurisdiction over her husband to pursue unpaid taxes, Wells Fargo wrongfully
paid monies from her accounts to the Board. 
Furthermore, Gunderson argues that the consumer account agreement states
that the laws of Texas control over any agreement between herself and Wells
Fargo; thus, Wells Fargo=s reliance on the notice of
levy, predicated on California law, would be erroneous.








Wells
Fargo responds that Gunderson=s
argument pertaining to the properness of its response to the notice of levyCand
what laws apply to the levyCare
unavailing because the consumer account agreement specifically provides that
Wells Fargo may act upon Aany legal process that it
believes is valid@ and that the agreement
specifically includes Wells Fargo=s
right to respond to a tax levy.  Wells
Fargo also argues that it was legally required to comply with the levy.  We agree with Wells Fargo that it was
contractually entitled to respond to the tax levy.

1.       Standard of review

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  We review a summary judgment
de novo.  Mann Frankfort, 289
S.W.3d at 848.








We
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008); Sw. Elec. Power Co. v. Grant, 73 S.W.3d
211, 215 (Tex. 2002).  We consider the
evidence presented in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could, and
disregarding evidence contrary to the nonmovant unless reasonable jurors could
not.  Mann Frankfort, 289 S.W.3d
at 848.  We must consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of
all of the evidence presented.  See
Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City
of Keller v. Wilson, 168 S.W.3d 802, 822B24
(Tex. 2005).

The
summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant=s
cause of action or defense as a matter of law. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).

When
a trial court=s
order granting summary judgment does not specify the ground or grounds relied
on for its ruling, summary judgment will be affirmed on appeal if any of the
theories presented to the trial court and preserved for appellate review are
meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  When the trial court=s
judgment rests upon more than one independent ground or defense, the aggrieved
party must assign error to each ground, or the judgment will be affirmed on the
ground to which no complaint is made.  Scott
v. Galusha, 890 S.W.2d 945, 948 (Tex. App.CFort
Worth 1994, writ denied).








When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties=
summary judgment evidence and determine all questions presented.  Mann Frankfort, 289 S.W.3d at
848.  The reviewing court should render
the judgment that the trial court should have rendered.  Id.

2.       The consumer account agreement

A
deposit contract between a bank and an account holder is considered a contract
in writing for all purposes.  Tex. Fin.
Code Ann. ' 34.301(a)
(Vernon Supp. 2009). The elements of a breach of contract claim are (1) a
valid contract, (2) performance or tendered performance by the plaintiff,
(3) breach by the defendant, and (4) damages sustained by the
plaintiff as a result of the breach.  Harris
v. Am. Prot. Ins. Co., 158 S.W.3d 614, 622B23
(Tex. App.CFort
Worth 2005, no pet.).  In suits to
recover deposits, the bank has the burden of proving payment under authority
from the depositor and is obligated to pay out funds on deposit according to
the directions of the depositor.  Mesquite
State Bank v. Prof=l Inv. Corp.,
488 S.W.2d 73, 75 (Tex. 1972).  To this
end, a bank is entitled to rely on its deposit agreement when determining to
whom it is indebted.  Bank One, Tex.,
N.A. v. Sunbelt Sav., F.S.B., 824 S.W.2d 557, 557 (Tex. 1992); Whitney
Nat=l
Bank v. Baker, 122 S.W.3d 204, 207 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).








In
this instant case, Gunderson and Wells Fargo have a consumer account agreement
that specifically entitles Wells Fargo to Aact
on any legal process@ it believes to be
valid.  In the agreement, a tax levy is
defined as a legal process.  After
receiving the tax levyCand accompanying affidavit
by one of the Board=s tax compliance specialists
attesting to the tax levy=s authenticityCWells
Fargo acted upon the tax levy.  Wells
Fargo was entitled to rely upon the consumer account agreement and satisfied
its burden of proving payment under Gunderson=s
authority.  Thus, the trial court did not
err by finding that Wells Fargo met its summary judgment burden by establishing
that no genuine issue of material fact exists that it made payment to the Board
under Gunderson=s authority and that Wells
Fargo is entitled to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c).  We overrule Gunderson=s
first issue.

B.      Attorney=s
fees and Wells Fargo=s
$100 fee

In
her second issue, Gunderson argues that the trial court erred by awarding
attorney=s
fees to Wells Fargo.  Gunderson
essentially makes two arguments as to why she believes Wells Fargo is not
entitled to recover attorney=s
fees in this case.  First, Gunderson
argues that there is no record demonstrating sufficient evidence to support the
awarding of attorney=s fees to Wells Fargo.








In
her briefing to the trial court regarding attorney=s
feesCafter
the trial court had granted Wells Fargo=s
summary judgment and in anticipation of the pending hearing regarding attorney=s
feesCGunderson
argued only that Wells Fargo was not entitled to attorney=s
fees under the consumer account agreement. 
Gunderson did not complain of a lack of evidence supporting Wells Fargo=s
attorney=s
fees nor did Gunderson object to the upcoming hearing on attorney=s
fees.  Furthermore, Gunderson did not
file any post-judgment motions bringing to the trial court=s
attention any alleged error in the evidence supporting the trial court=s
awarding Wells Fargo=s attorney=s
fees.  As such, Gunderson has not
preserved this alleged error.  See
Reagan Nat=l Adver. of Austin, Inc. v.
Capital Outdoors, Inc., 96 S.W.3d 490, 497 (Tex. App.CAustin
2002, pet. granted, judgm=t vacated w.r.m.) (waiver
where party failed to complain about insufficiency of evidence at hearing on
attorney=s
fees and did not file a motion for a new trial or any other post‑judgment
motion bringing its complaint to the trial court=s
attention).  But Gunderson did complain
about the propriety of Wells Fargo being entitled to attorney=s
fees under the consumer account agreementCher
second argument under this issue. 
Therefore, we turn to the question of whether Wells Fargo was entitled
to attorney=s
fees under the consumer account agreement.

Under
Texas statutory law, a party may recover reasonable attorney=s
fees from an individual or corporation, in addition to the amount of a valid
claim and costs, if the claim is for breach of an oral or written
contract.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 38.001(8) (Vernon
2008).  The phrase in the statute which
reads Ain
addition to the amount of a valid claim@
implies that a party must first have been awarded damages before it may be
awarded attorney=s fees.  Green Int=l v.
Solis, 951 S.W.2d 384, 390 (Tex. 1997); State Farm Life
Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 1995).  Therefore, generally, attorney=s
fees may not be recovered for successfully defending a breach of contract
claim.  Mustang Pipeline Co. v. Driver
Pipeline Co., 134 S.W.3d 195, 201 (Tex. 2004).








But
parties to a contract may also recover attorney=s
fees if they arrange for such recovery as a contractual term.  Alma Group, L.L.C. v. Palmer, 143 S.W.3d
840, 845 (Tex. App.CCorpus Christi 2004, pet.
denied) (citing New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d
914, 915 (Tex. 1967)).  The parties to
the contract may create their own terms, which need not correspond to chapter
38 of the civil practice and remedies code. See Wayne v. A.V.A. Vending,
Inc., 52 S.W.3d 412, 417 (Tex. App.CCorpus
Christi 2001, pet. denied) (citing One Call Sys., Inc. v. Houston Lighting
& Power, 936 S.W.2d 673, 676 (Tex. App.CHouston
[14th Dist.] 1996, writ denied)).  The
parties may agree to terms for the recovery of fees that are either more or
less liberal than the terms presented in chapter 38.  Wayne, 52 S.W.3d at 417B18.  In such cases, it is the language of the
contract, not the statute, that governs. 
Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938 S.W.2d
102, 118 (Tex. App.CHouston [14th Dist.] 1996,
no writ).  Furthermore, it is the
language of the agreement itselfCnot
the present interpretation of the partiesCthat
determines the intent of the parties, and the agreement must be enforced as
written.  Pegasus Energy Group, Inc.
v. Cheyenne Petroleum Co., 3 S.W.3d 112, 121 (Tex. App.CCorpus
Christi 1999, pet. denied).








We
agree with Wells Fargo that it was entitled to rely upon the consumer account
agreement in seeking attorney=s
fees in addition to charging Gunderson a $100 fee for responding to the
levy.  The agreement specifically states,
AAny
fees or expenses (including attorney's fees and expenses) the Bank incurs in
responding to any such legal process may be charged against any account you
maintain with the Bank.@  The phrase A[a]ny
fees or expenses@ contemplates that there
could be both fees and expensesCincluding
attorney=s
fees.  Thus, this provision serves as the
contractual basis for the $100 charge against Gunderson and the trial court=s
determination that Wells Fargo was entitled to attorney=s
fees as a result of responding to Gunderson=s
breach of contract claim.  Therefore, we
overrule Gunderson=s second issue in its
entirety.

C.      Wells Fargo
is limited in the manner by which it may collect the contracted-for attorney=s
fees

We
now address Wells Fargo=s sole issue on appealCwhether
the trial court erred by limiting the manner in which Wells Fargo could collect
its attorney=s
fees.  We conclude that the trial court
was correct in limiting Wells Fargo=s
ability to collect on the attorney=s
fees by only charging against an account Gunderson maintains at a Wells Fargo
bank.








By
the consumer account agreement=s
own terms, Wells Fargo was entitled to collect attorney=s
fees it incurred Aresponding to any such legal
process.@  The agreement further states that such fees Amay
be charged against any account you maintain with the Bank.@  Thus, Wells Fargo contracted specific
language detailing the only manner in which it could collect attorney=s
fees once it responded to a legal process. 
Our text-based construction of this agreement is consistent with the
principle of expressio unius est exclusio alterius, meaning that the
naming of one implies the exclusion of others.  See CKB & Assocs., Inc. v. Moore
McCormack Petroleum, Inc., 734 S.W.2d 653, 655 (Tex. 1987) (explaining
doctrine of expressio unius est exclusio alterius); see also Mid‑Century
Ins. Co. of Tex. v. Kidd, 997 S.W.2d 265, 273 (Tex. 1999) (same).  This maxim applies perfectly to the consumer
account agreement at issue in this case. 
By its terms, the agreement covers only one manner by which Wells Fargo
is entitled to collect attorney=s
fees for responding to the legal process it was faced withCthe
tax levy sent to it by the Board.  By
specifically including this manner onlyCand
purposely excluding all other manners of pursuing feesCthe
parties in this case contracted the only manner by which Wells Fargo could
collect its fees (including attorney=s
fees) incurred in responding to this legal process.  Thus, we hold that the trial court did not
err by limiting Wells Fargo=s
ability to collect on the attorney=s
fees by only charging against an account Gunderson maintains at Wells
Fargo.  We overrule Wells Fargo=s
sole issue.

IV.  Conclusion

Having
overruled both of Gunderson=s
issues and having also overruled Wells Fargo=s
sole issue, we affirm the trial court=s
judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  July 1, 2010











[1]See Tex. R. App. P. 47.4.